**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JERALD LENTINI,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF<br>HOMELAND SECURITY<br>Washington, DC 20536,<br><br>Defendant. | * * * * * * * * * * * * | Civil Action No. 3:26-cv-1965 |

* * * * * * * * * * * * *

## COMPLAINT

Plaintiff Jerald Lentini brings this action against Defendant Department of Homeland Security pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jerald Lentini ("Lentini") is a citizen of the United States and a resident of the State of Connecticut, where he serves as an elected official within the Town of Manchester, Connecticut, which regulates local government interactions with federal immigration enforcement agencies.

4. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Lentini which are the subject of this action.

5. Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") are DHS components.

## BACKGROUND

6. Throughout 2025 and 2026, ICE and CBP agents have terrorized communities across the country, arresting tens of thousands of immigrants, illegally detaining citizens, recklessly inflicting violence on demonstrators, killing multiple individuals, and engaging in rampant constitutional violations. Members of Congress and congressional candidates, local officials, and countless civilians have been assaulted and arrested. Federal prosecutors have lost their careers and reputations defending these actions. Rampant violations of civil and human rights have been documented at concentration camps and other holding facilities operated by these agencies. Public interest in ICE and CBP actions is matched only by the public distrust for federal law enforcement these agencies have engendered among the American people.

7. On June 4, 2026, unidentified DHS personnel, presumed to be ICE agents, conducted operations in Danbury, Connecticut, detaining at least six people. Dan Haar, *Fake News? No, Fake Media May Be the Real Danger at a Connecticut ICE Raid*, CT Insider (Jul. 10, 2026), *at* https://www.ctinsider.com/news/article/ice-agents-danbury-media-vests-haar-22314518.php (last accessed Nov. 10, 2026).

8. The agents involved obscured their identities using opaque face masks in violation of Section 6 of Connecticut Public Act 26-14 (effective May 6, 2026). That statute states:

> (b) A peace officer, while carrying out the enforcement of laws of this state, any other state or the United States, shall not wear any facial covering or personal disguise while interacting with the public in the performance of such officer's duties, except for (1) a medical grade facial covering that is designed to protect the health and safety of the peace officer, provided protecting the health and safety of the officer does not include protecting the identity of the peace officer, (2) any facial covering designed to prevent the transmission of airborne diseases, (3) any facial covering designed to protect against exposure to smoke during a fire-involved situation, (4) any facial covering necessary to perform duties during a water rescue operation, (5) any facial covering related to protection against exposure to biological or chemical agents during an incident where such agents may be present, (6) any facial covering protecting against freezing temperatures, provided such facial covering is worn during an activity not requiring oral communication with the public or a person sought to be placed in custody, or (7) any facial covering necessary to perform duties during an active undercover operation or assignment which have been authorized to be worn by supervising personnel or court order. Notwithstanding the provisions of this subsection, a peace officer assigned to a bomb squad, motorcycle unit or specialized weapons and tactics team is permitted to utilize gear necessary to protect such officer's face and head from physical harm while performing the duties associated with such assignment. Any peace officer who violates the provisions of this subsection shall be guilty of a class D misdemeanor.

9. The definition of "peace officer" under Connecticut law expressly encompasses "any federal law enforcement officer as defined under 18 USC 115(c)(1) and 34 USC 50301(5)," including agents of ICE and CBP, as well as other agencies under the control of DHS.

10. ICE agents participating in the June 4, 2026 arrests in Danbury were, accordingly, committing a misdemeanor in violation of Connecticut state law.

11. Alongside those ICE agents were other masked individuals. These individuals rode in the same vehicles as the marked ICE agents, and were dressed similarly, complete with tactical gear, black hats, black facial coverings, and ballistic vests. The primary difference was that, while ICE agents directly arresting Danbury residents had large patches on their vests reading "POLICE ICE," these other masked individuals were carrying camera equipment and had large patches on their vests reading "MEDIA."

12. Whether or not the masked individuals wearing "MEDIA" patches are, in fact, peace officers under Connecticut law, and therefore acting in violation of state law, is unclear, as every effort has been made to obscure their identity.

13. To determine whether these individuals may have been ICE agents mislabeling themselves as members of the media, and to further learn if the DHS agencies most directly involved in immigration enforcement actions had developed policies or taken other steps to further a practice of agency personnel mislabeling themselves as members of the media, Lentini filed a series of relatively narrow FOIA requests with the relevant agencies for relevant records, limited to records created on or after January 20, 2025.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(ICE – CONSTRUCTIVE RECORDS DENIAL – 2026-ICFO-33408)**

14. Lentini repeats and realleges the allegations contained in paragraphs 1-13 set forth above.

15. On July 13, 2026, Lentini submitted a request to ICE ("the Request") for the following materials:

(1) Any Multimedia Agreement between the Department of Homeland Security or any agency within its department structure and any multimedia production company in effect on June 4, 2026, which encompassed Immigration and Customs Enforcement (ICE) activities in Danbury, Connecticut on that date.

(2) Copies of any purchase orders, supply logs, receipts, or reimbursement requests created on or after January 20, 2025, for the Department of Homeland Security (DHS) or any agency within its department structure, for velcro patches reading "MEDIA" or "PRESS."

(3) Copies of all records about or referencing when ICE personnel, Customs and Border Protection (CBP) personnel, or other DHS personnel may identify themselves as "media" or "press," or wear attire, apparel or

accessories so identifying them, including but not limited to velcro patches, created on or after January 20, 2025. This includes, but is not limited to, discussions of policies, rules, guidelines, public statements, responses to press inquiries, intradepartmental communications, or any other written record.

(4) Copies of all records about or referencing the use of vest patches labeled "MEDIA" or "PRESS" by ICE agents, CBP agents, or other DHS personnel, created on or after January 20, 2025. This includes, but is not limited to, discussions of policies, rules, guidelines, public statements, responses to press inquiries, intra-departmental communications, or any other written record.

16. Lentini added, "This request is being simultaneously submitted to the DHS Privacy Office, ICE, and CBP."

17. This request was assigned FOIA Request No. 2026-ICFO-33408.

18. ICE failed to acknowledge the request for forty-two (42) days, until, on August 24, 2026, it sent Lentini a notice claiming that his request "does not reasonably describe the records sought in a way that allows ICE to conduct a focused and reasonable search."

19. An administrative appeal is not required by law for a determination that a request does not reasonably describe the records sought.

20. Accordingly, Lentini has exhausted all required administrative remedies.

21. Lentini has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by ICE of said right.

## SECOND CAUSE OF ACTION

## (CBP – RECORDS DENIAL – CBP-FO-2026-126226)

22. Lentini repeats and realleges the allegations contained in paragraphs 1-13 set forth above.

23. On July 13, 2026, Lentini submitted a copy of the Request to CBP.

24. The Request clearly encompasses materials that, if they exist, would be in the custody of CBP, including purchase orders, supply logs, receipts, and reimbursement requests; discussions of policies, rules, guideline, public statements, responses to press inquiries, intradepartmental communications, or any other written record concerning the when CBP personnel may identify themselves as "media" or "press," or when they may wear attire, apparel and accessories so identifying them, and; discussions of policies, rules, guideline, public statements, responses to press inquiries, intradepartmental communications, or any other written record concerning the use of certain vest patches by CBP personnel.

25. On July 15, 2026, CBP acknowledged its receipt of the request, assigned it No. CBP-FO-2026-126226, and stated that "the records you seek are not under the purview of U.S. Customs and Border Protection." On information and belief, CBP conducted no search of any kind for responsive records.

26. Following this acknowledgement, CBP administratively closed this request.

27. On July 19, 2026, Lentini filed an appeal of CBP's action. To date, CBP has not acknowledged that appeal.

28. As more than twenty working days have elapsed without any further response, Lentini has exhausted all required administrative remedies.

29. Lentini has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by CBP of said right.

## THIRD CAUSE OF ACTION

## (DHS – CONSTRUCTIVE RECORDS DENIAL – 2026-HQFO-03283)

30. Lentini repeats and realleges the allegations contained in paragraphs 1-13 set forth above.

31. On July 13, 2026, Lentini submitted a copy of the Request to DHS.

27. On July 22, 2026, DHS acknowledged its receipt of the request and assigned it FOIA Request No. 2026-HQFO-03283.

28. As more than twenty working days have elapsed without any further response, Lentini has exhausted all required administrative remedies.

29. Lentini has a right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DHS of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jerald Lentini prays that this Court:

(1) Order ICE, CBP, and DHS, and all relevant components thereof, including the DHS Privacy Office, to release all requested records to him at no charge;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date: November 10, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
CT Bar #CT32309
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

/s/ Jerald M. Lentini
Jerald M. Lentini
CT Bar #30863
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Jerald@NationalSecurityLaw.org

*Counsel for Plaintiff*